UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUSSEIN HAMADI,

    Plaintiff,

v.

ECOLAB INC., a
Delaware Corporation, and
JOHN/JANE DOE,

    Defendants.

Case No. 22-11137

Hon.

Removed from the Circuit Court of Wayne County, Michigan (Case No. 22-005066-NO)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ecolab Inc. (hereinafter "Ecolab"), by its attorneys, Giarmarco, Mullins & Horton, P.C., files this Notice of Removal, removing the above-captioned action from the Wayne County Circuit Court (Case No.: 22-005066-NO) to the United States District Court for the Eastern District of Michigan. Removal is based upon federal diversity jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

## I. INITIATION OF THIS ACTION

1. On April 29, 2022, Plaintiff Hussein Hamadi (hereinafter "Plaintiff") commenced a civil action in the Wayne County Circuit Court (Case No.: 22-005066-NO) by filing a Complaint ("the Action"). (*See generally* Exhibit 1 attached hereto).

2. Ecolab, through its registered service of process agent, was served with this Complaint via certified mail on May 10, 2022. (*See id.* at pg. 1).

3. This Action is the subject of this Notice of Removal.

## II. GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION

4. 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending."

5. 28 U.S.C. § 1332(a) provides that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." This is referred to as

"diversity jurisdiction." *Durant v. Servicemaster Co.*, 109 F. App'x 27, 29 (6th Cir. 2004).

> **i. The Amount in Controversy is Satisfied Because Plaintiff has Plead for Damages that Plausibly Puts Greater than $75,000 at Issue.**

6. In his Complaint, Plaintiff seeks damages that "exceeds the sum of Twenty-five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees."[1] (Ex. 1 at ¶ 4).

7. Plaintiff alleges to have suffered "severe, grievous and permanent personal injuries, disability and damages, the full extent and character of which are currently unknown…" (*Id.* at ¶ 18).

8. Plaintiff further alleges to seek recovery and damages for: "[c]hemical exposure to her [sic] eyes and face causing burn to his eye"; "[p]ain, suffering, discomfort, disability, extreme physical and emotional suffering"; "[s]evere and continuing embarrassment, humiliation, anxiety, tension and mortification"; "[l]oss of the natural enjoyments of life"; and "[l]oss of the natural enjoyments of life." (*Id.*).

---

[1] $25,000.00 is the jurisdictional threshold for Michigan Circuit Courts, where Plaintiff originally filed this Action. *See* MCL 600.8301(1).

9. Plaintiff has also sent Ecolab pre-suit demands for his claims that greatly exceed the $75,000 amount in controversy requirement.

10. Federal courts have held that these allegations in personal injury cases satisfy the jurisdiction threshold of placing an excess of $75,000 in controversy. *See, e.g., Bass v. IKEA U.S. E., LLC*, No. 16-cv-10694, 2016 U.S. Dist. LEXIS 59135 (E.D. Mich. May 4, 2016) (finding that allegations of "physical injuries," "relief for pain and suffering," "mental anguish," and "medical care" are sufficient in showing that the controversy of this case exceeded $75,000); *Sorenson v. Wal-Mart Stores, Inc.,* No. 19-cv-753-jdp, 2019 U.S. Dist. LEXIS 165201 (W.D. Wis. Sep. 26, 2019).

11. Based on the foregoing, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a). *See also Basicomputer Corp. v. Scott,* 973 F.2d 507, 510 (6th Cir. 1992) ("A court must not dismiss an action for failure to meet the amount in controversy requirement unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'").

> **ii. Diversity of Citizenship is Satisfied Because this Action Involves Citizens of Different States.**

12. Plaintiff is "a resident of the City of Livonia, County of Wayne, State of Michigan." (Ex. 1 at ¶ 1). Upon information and belief, Plaintiff is a U.S. citizen domiciled in the state of Michigan.

13. Ecolab is incorporated under the laws of the State of Delaware with its principal place of business in Minnesota. (*See generally* Exhibit 2 attached hereto). For purposes of diversity jurisdiction, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Therefore, Ecolab is a citizen of the state of Delaware and Minnesota.

14. Plaintiff's Complaint also purports to name "JOHN/JANE DOE" as a defendant in the Action. (*See* Ex. 1 at ¶ 18). 28 U.S.C. § 1441(b)(1) specifically states that "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." *See also Alexander v. Electronic Data Systems Corp.*, 870 F. Supp. 749, 751 (E.D. Mich. 1994) ("It is well settled that citizenship of unknown or fictitious defendants are not considered in the determination of diversity.").

15. Based on the foregoing, complete diversity of citizenship exists between the Plaintiff and Defendant in this case: Plaintiff is a citizen of Michigan, while Defendant is a citizen of Delaware and Minnesota.

### III. TIMELINESS OF REMOVAL

16. Pursuant to 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed by Ecolab within thirty (30) days after service of Plaintiff's Complaint.

17. Contemporaneous with the filing of this Notice of Removal, Ecolab will promptly file a written notice thereof to Plaintiff and will file a copy of this Notice of Removal with the Clerk of the Wayne County Circuit Court.

### IV. VENUE

18. Venue is proper in this District, pursuant to 28 U.S.C. § 1441(a), because it embraces the Wayne County Circuit Court where the Action has been pending.

### V. CONSENT

19. Section 1446(b)(2)(A) provides: "When a civil action is removed solely under section 1441(a), all defendants who have been

properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

20. Ecolab is the only defendant named in the Action that has been served. Ecolab is represented by the undersigned counsel and consents to removal of this Action.

**WHEREFORE**, for all of the foregoing reasons, this case is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because the Action invokes federal diversity subject matter jurisdiction.

**GIARMARCO, MULLINS & HORTON, P.C.**

By: /s/ Elizabeth A. Favaro
Elizabeth A. Favaro (P69610)
Attorney for Ecolab Inc.
101 W. Big Beaver Road, Tenth Floor
Troy, MI 48084
(248) 457-7000 ph / (248) 457-7001 fx
efavaro@gmhlaw.com

Date: May 24, 2022.

## CERTIFICATE OF SERVICE

Elizabeth A. Favaro states that on May 24, 2022, she served or caused to be served via Email, a copy of the foregoing document upon:

Alexander L. Waldman (P80946)
The Sam Bernstein Law Firm, PLC
Attorney for Plaintiff
31731 Northwestern Highway, Suite 333
Farmington Hills, Michigan 48334
awaldman@sambernstein.com

I declare under penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my knowledge, information, and belief.

/s/ Elizabeth A. Favaro
Elizabeth A. Favaro (P69610)
Email: efavaro@gmhlaw.com